James J. Dorrian and Mary Dorrian v. Commissioner.
Dorrian v. Commissioner
Docket No. 4459-66.
United States Tax Court
T.C. Memo 1968-73; 1968 Tax Ct. Memo LEXIS 228; 27 T.C.M. (CCH) 373; T.C.M. (RIA) 68073; April 23, 1968. Filed *228 Harold Stern, 11 W. 42nd St., New York, N. Y., for the petitioners. Lawrence J. Shongut, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' income taxes as follows: Taxable year ended
Income tax
Addition to tax (Sec. 6653(a), I.R.C.), I.R.C. 1954) [1]
Dec. 31, 1957
$1,137.34
$56.87
Dec. 31, 1958
1,879.46
93.97
After various concessions by the parties, the only issues presented for decision are whether petitioners omitted certain items of gross income for each of the taxable years and whether petitioners are liable for the additions to tax under section 6653(a). Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife and had their legal residence in Bronx, New York, at the time of 374 the filing of the petition herein. Their joint Federal income tax returns for the taxable years 1957 and 1958 were filed with the district director of internal revenue, Upper Manhattan, New York. Petitioner Mary Dorrian is *229 a party to this proceeding solely because she filed joint income tax returns with her husband, James J. Dorrian (hereinafter referred to as James). During the years 1957 and 1958, James was the president and sole stockholder of Red's Bar, Inc. The parties have stipulated that James deposited the following sums in cash with the Manufacturers Trust Company in the account of Red's Bar, Inc.: Date of deposit
Amount
January 1957
$1,330.00
February 1957
805.00
March 1957
850.00
April 1957 665.00
Total
$3,650.00
March 1958
$1,000.00
April 1958
625.00
May 1958
250.00
June 1958
710.00
July 1958
300.00
September 1958
1,282.50
October 1958
1,459.00
November 1958
500.00
December 1958 789.88
Total
$6,916.38
The parties have further stipulated that the cash sums so deposited were recorded in the books of account of Red's Bar, Inc., as "loans from officers." Ultimate Findings of Fact Petitioners failed to include in their gross income the amounts of $3,650.00 received by James in the taxable year 1957 and $6,916.38 received by him in the taxable year 1958. At least part of the deficiency for each of the taxable years 1957 and 1958 was *230 due to negligence or intentional disregard of rules and regulations. Opinion Respondent makes no claim of fraud. Consequently, the burden of proof is entirely on the petitioners with respect to the deficiencies asserted, including the additions to tax asserted under section 6653(a). James was the sole witness. He testified that the unreported deposits came from a cash hoard which he maintained in his home and which he from time to time used to make up potential or actual shortages in the bank account of Red's Bar, Inc., at the Manufacturers Trust Company. He asserted that this hoard was accumulated from savings in prior years and that he replenished the hoard from time to time by repaying himself the amounts allegedly thus advanced out of the cash sales of Red's Bar, Inc. His testimony was utterly unconvincing. James claimed that he made the unreported deposits in response to information received from time to time from the manager of the bank at which the account of Red's Bar, Inc., was maintained that a potential or actwal shortage in the account existed. The manager, however, was not called to testify (and no reason was given for his not being called), although he would have *231 been a readily available source of corroboration of James' testimony. Moreover, an examination of the transcript of the account of Red's Bar, Inc., with the bank reveals that, with very few exceptions, there were no potential or actual shortages at any time during the months when the unreported deposits were made. Even on the few dates where such shortages are indicated, the amounts deposited bore no relationship to the amount of such shortages. Furthermore, we have no way of determining on the record before us whether the unreported deposits specified in our findings were in any way related to the deposits made at the time the actual or potential shortages are claimed to have existed. Petitioners have failed to sustain their burden of proof as to the unreported deposits. Petitioners have offered no evidence to dispute the presumptive correctness of respondent's determinations of additions to tax under section 6653(a). Consequently, they have likewise failed to sustain their burden of proof in this regard. Decision will be entered under Rule 50. 375 Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩